# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHAUN SHAFFER**,

    Plaintiff,

v.

**JACOB SCARBOROUGH**; and
SHERIFF **GRADY JUDD**, only in
his Official Capacity as Sheriff of the
Polk County Sheriff's Department,

    Defendants.

_____

Case No: 8:23-cv-00680-WFJ-NHA

## ORDER

This matter comes before the Court on Plaintiff Shaun Shaffer's Motion to Strike or Limit Opinion Testimony regarding Defendants' Expert, Dr. Richard Hough. Dkt. 26. Defendants Jacob Scarborough ("Defendant Scarborough" or "the Deputy") and Sheriff Grady Judd ("Sheriff Judd") have responded in opposition. Dkt. 33. Upon careful review of the record, the Court denies Plaintiff's motion to strike Dr. Hough's report.

## LEGAL STANDARD[1]

"*Daubert* requires that trial courts act as 'gatekeepers' to ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). In carrying

---

[1] An extensive factual background for this case can be found in the Court's summary judgment Order. *See* Dkt. 47.

out this role pursuant to Federal Rule of Evidence 702, trial courts consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citations omitted). Notwithstanding the foregoing, "[t]he inquiry envisioned by Rule 702 is . . . a flexible one," *Daubert*, 509 U.S. at 595, and courts should not elevate themselves "to the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness's soul—separating the saved from the damned." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1321 (11th Cir. 1999) (citations and internal quotations omitted). A strict inquiry of this nature "would inexorably lead to evaluating witness credibility and weight of the evidence, the ageless role of the jury." *Id.*

## DISCUSSION

Plaintiff raises three arguments for why Dr. Hough's testimony should be excluded: (1) "Dr. Hough fails the first Daubert requirement because he lacks any specific expertise to evaluate false arrest and excessive force claims"; (2) "Dr. Hough fails the second Daubert requirement because neither his report nor his

testimony is based on any reliable methodology, and he instead asks the Court to blindly trust his uncited conclusions"; (3) "Dr. Hough fails the third *Daubert* requirement because his unsupported testimony will confuse the trier of fact with conclusory statements." Dkt. 26 at 4, 7, 10. The Court will address Plaintiff's arguments in turn.

## I. *Daubert* Requirement One- Expertise to Testify

Plaintiff's motion admits Dr. Hough has "extensive experience teaching and conducting training in law enforcement procedures, investigations of crimes, and policies related to criminal justice," but he lacks any expertise in use of force techniques and practices. Dkt. 26 at 5-6. Plaintiff also contends Dr. Hough lacks the qualifications to "opine on probable cause and/or arguable probable cause." *Id.* at 6.

This argument is unpersuasive. As cited in Plaintiff's motion, the qualifications inquiry "is not stringent [] so long as the expert is minimally qualified [and] objections to the level of the expert's expertise go to credibility and weight, not admissibility." *Feliciano v. City of Miami Beach*, 844 F. Supp. 2d 1258, 1262 (S.D. Fla. 2012) (citations and internal quotations omitted). The Court finds Dr. Hough is more than minimally qualified to speak on the topic of police use of force. Dr. Hough's CV has several references demonstrating his expertise in use of force, such as his time as a University of West Florida instructor from 2006

to 2022, where Dr. Hough taught classes in "Police Use of Force and Intersectionality" and "The Use of Force in Criminal Justice, Police in a Free Society"; Enforcement Bureau Administrator from 1996 through 1998 for the Santa Rosa County, Florida Sheriff's Office where he instituted agency-wide use of force training and served as Chief Defensive Tactics-Use of Force Instructor; Corrections Bureau Deputy Chief from 1991 through 1995 for the Manatee County, Florida Sheriff's Office where he was the Chief Defensive Tactics-Use of Force Instructor; authored *The Use of Force in Criminal Justice* and *Considering the Use of Force*; and currently has more than 3,000 hours of advanced and in-service training in (*inter alia*) "Constitutional Use of Force by Calibre Press" and "The Investigation Management and Use of Lethal and Less Lethal Force by AELE." Dkt. 26-1 at 26-30, 37-43. Defendant's motion also points out that Dr. Hough has been an expert on 19 previous cases where use of force was at issue. Dkt. 33 at 7.

Similarly, Dr. Hough has the necessary expertise that would allow him to opine about police investigations and the issue of probable cause. As Defendant correctly notes, "Dr. Hough has taught police procedure courses to law enforcement recruits, in-service law enforcement and corrections officers, and to students at the college and university level since 1989, [and] '[e]ach of these courses involves the topic of investigative process and the articulation of probable

cause as officers in Florida are trained.'" Dkt. 33 at 7 (quoting Dkt. 26-1 at 2). Thus, the Court finds Dr. Hough is qualified to testify competently regarding the matters of use of force and probable cause in a police investigation. Any doubts about Dr. Hough's expertise are properly left to cross-examination as these doubts go to credibility and weight, not admissibility.

## II.     *Daubert* Requirement Two- Reliability

Plaintiff next argues that Dr. Hough's report is unreliable because it is not "based on any reliable methodology, and he instead asks the Court to blindly trust his uncited conclusions." Dkt. 26 at 7. Defendants contend Dr. Hough's report is reliable since it is based "on his experience, his review of relevant case law, his ongoing research and analysis of law enforcement policies and practices, his academic and professional presentations, his authorship of various peer-reviewed papers and relevant textbooks, and this case's evidentiary record." Dkt. 33 at 8.

"Exactly *how* reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." *Frazier*, 387 F.3d at 1262 (citation omitted). Case law provides, within the context of scientific experts, non-exhaustive factors a district court may consider. *See Seamon v. Remington Arms Co., LLC*, 813 F.3d 983, 988 (11th Cir. 2016). But the most important test of an experience-qualified non-scientific expert's reliability is that "the expert must be

5

able to explain how his experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Blessing v. Williams*, No. 3:19-CV-731-TJC-MCR, 2022 WL 4182534, at *16 (M.D. Fla. Sept. 13, 2022) (citation and internal quotations omitted).

Here, the Court finds that Dr. Hough's report regarding use of force and probable cause is reliable under the guidance provided in *Frazier*. Dr. Hough relies on his experience, his review of relevant caselaw, and this case's evidentiary record. Dkt. 26-1 at 4-5, 18-22. First, Dr. Hough explains that he reviewed deposition testimony of all the parties, the Polk County Sheriff Office's policies and procedures, and any incident reports. *Id.* at 15-16, 23-24. Second, he analyzed this evidence using factors derived from International Association of Chiefs of Police publications, case law from the United States Supreme Court, and his own experience in instructing and enforcing policing policies and procedures. *Id.* at 12–17. As another district court has previously stated, "[s]uch methodology is routinely accepted." *Blessing*, 2022 WL 4182534, at *16. Plaintiff's objections about Dr. Hough's failure to "discuss any alleged crime committed by Shaun Shaffer" and lack of "detailed analysis of the specific circumstances that led Deputy Scarborough to use force on Shaun Shaffer" all go to weight, not

6

admissibility. Dkt. 26 at 10. These alleged shortcomings in the expert's testimony and report are appropriately addressed at trial. *See Daubert*, 509 U.S. at 596.

### III.   *Daubert* Requirement Three- Assisting Trier of Fact

Finally, Plaintiff argues that "Dr. Hough fails the third *Daubert* requirement because his unsupported testimony will confuse the trier of fact with conclusory statements." Dkt. 26 at 10. Specifically, Plaintiff contends Dr. Hough's references to some caselaw and "explaining that force beyond the 'force that's necessary to eliminate a threat' or 'necessary to effectuate the...arrest' is excessive and is judged from the 'objectively reasonable standard' is general testimony that provides nothing to the fact finder that counsels' closing arguments or the Court's instructions on the law cannot provide." *Id.* at 11.

As to Dr. Hough's opinions and conclusion in the report that "the arrest and force selection actions of Deputy Scarborough were objectively reasonable," the "[m]ere dismissal of a charge by prosecutors does not nullify articulable probable cause" that Defendant Scarborough may have had, and the use of force used by Defendant Scarborough "was reasonable and appropriate," Dr Hough may address this topic with some limitations. Dkt. 26-1 at 19-21. Plaintiff challenges this opinion as "contain[ing] impermissible legal conclusions which will confuse the trier of fact. Dkt. 26 at 12. Plaintiff is correct that, although expert witnesses may address the predicate facts, they may not give "purely legal conclusions." *Blessing*,

2022 WL 4182534, at *17 (citation omitted). The Court will take a *voir dire* presentation outside of the jury's presence on these issues at trial.

Dr. Hough certainly may discuss Plaintiff's arrest and the circumstances leading up to the arrest. He can use his extensive experience to review the Polk County Sheriff Office's standards and discuss whether Defendant Scarborough's actions met those standards. *See Kobie v. Fifthian*, No. 2:12-CV-98-FTM-29DNF, 2014 WL 1652421, at *9 (M.D. Fla. Apr. 23, 2014) (allowing an expert to testify about the "investigative procedures and tactics" used in the case, but not "opine on whether [the officer] had probable cause"). As such, the Court will entertain more specific motions and objections closer to trial and with the aid of a live witness.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** Plaintiff Shaun Shaffer's Motion to Strike or Limit Opinion Testimony regarding Defendants' Expert, Dr. Richard Hough, Dkt. 26, is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, February 3, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record